**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

OKO INTERNATIONAL CO. d/b/a      Case No.
ARAGON, a Florida corporation,

        *Plaintiff*,

v.

INVICTA WATCH COMPANY OF
AMERICA, INC., a Florida corporation; and
EYAL LALO, an individual,

        *Defendants*.

_____/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff OKO International Co. hereby sues Defendants Invicta Watch Company of America, Inc. and Eyal Lalo and alleges as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff OKO International Co. d/b/a Aragon ("Aragon") is a Florida corporation with its principal place of business in Deerfield Beach, Florida.

2. Defendant Invicta Watch Company of America, Inc. ("Invicta") is a Florida corporation with its principal place of business in Hollywood, Florida.

3. Eyal Lalo ("Lalo" and, collectively with Invicta, "Defendants") is an individual who, on information and belief, resides in or near Hollywood, Florida.

4. This Court has subject matter jurisdiction over the claims in this complaint, which arise under the Trademark Laws of the United States pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), and which involve a federal question pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over the claims arising under Florida law pursuant to 28 U.S.C. § 1367(a) because the asserted state law claims are substantially related to the claims arising under the Trademark Laws of the United States. Further, this Court has supplemental jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts, and considerations of judicial economy dictate that the state and federal issues be consolidated for a single trial.

6. This Court has personal jurisdiction over Defendants because they reside in Florida.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because at least one Defendant resides in this judicial district, and all Defendants are residents of the state in which this district is located. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, or a substantial part of the property that is the subject of the action is situated in this judicial district.

## ARAGON'S BUSINESS AND TRADEMARKS

8. Wing Liang ("Liang") is and has been the lead designer and CEO of Aragon since the birth of the company in 1991.

9. Liang is driven by a constant desire to meet the expectations of the watch-loving community by crafting and selling timepieces that are visually and aesthetically astounding.

10. Aragon seeks to challenge traditional timepiece making by creating and selling high-quality and contemporary lines of timepieces that remain affordable to every watch connoisseur, while still implementing designs and materials comparable to that of any leading luxury timepiece company.

11. Since at least as early as 2014, Aragon has been using the trademark HERCULES, alone and in connection with other words and designs, (the "HERCULES mark") in connection with the sale of watches. A website screenshot depicting one such use is attached as Exhibit 1.

12. Aragon's use of the HERCULES mark has been extensive, continuous, and substantially exclusive.

13. Aragon has made, and continues to make, a substantial investment of time, effort, and expense in the production and promotion of the HERCULES mark.

14. Aragon extensively promotes itself and its HERCULES mark through a variety of media, including via the Internet.

15. The HERCULES mark is unique and distinctive and, as such, designates a single source of origin.

16. As a result of Aragon's efforts and use, the HERCULES mark has come to be recognized by the public and members of the trade as being associated exclusively with Aragon.

17. Aragon expends substantial effort and expense to protect the HERCULES mark's distinctiveness in the marketplace. Aragon polices unauthorized use of the HERCULES mark by contacting unauthorized users of the HERCULES mark and demanding that they cease such use.

18. Based on Aragon's use, including the use described herein, Aragon owns extensive common law trademark rights in the HERCULES mark.

19. In addition to its extensive common law rights, Aragon owns a United States registration for the HERCULES mark. Specifically, Aragon owns U.S. Registration No. 4,568,874 for HERCULES for "watches." Importantly, this registration claims a priority date of August 6, 2012. A copy of this registration certificate is attached as Exhibit 2.

20. Having been widely promoted to the public, and having exclusively identified Aragon and its goods, the HERCULES mark symbolizes the tremendous goodwill associated with Aragon and Aragon's goods.

21. The HERCULES mark is a property right of incalculable value.

## DEFENDANTS' INFRINGING ACTIVITIES

22. Aragon is informed and believes, and on that basis alleges, that Defendant Invicta is a designer, manufacturer, distributor, and/or retail seller of watches and is in the business of designing, manufacturing, distributing, and selling watches.

23. Aragon is informed and believes, and on that basis alleges, that Defendant Lalo is the President and CEO of Defendant Invicta.

24. Aragon is informed and believes, and on that basis alleges, that at all times relevant to the allegations in this complaint, Lalo was the moving, acting, driving, and conscious force behind all conduct of Invicta and transacts and has transacted business on behalf of Invicta.

25. Sometime prior to October 2019, Invicta began selling watches in connection with the HERCULES mark both by itself and through a company known as ShopHQ, who operates a website available at shophq.com. These watches were marketed under the name "Invicta Bolt Hercules."

26. On October 2, 2019, Aragon contacted ShopHQ and Defendants concerning their unauthorized use of the HERCULES mark in connection with watches.

27. In response, Lalo described Defendants' use of HERCULES as an unimportant, "third-tier description" for Defendants' products and requested time to phase out sales of their HERCULES-branded products.

28.     Aragon and Defendants agreed on October 4, 2019 that Defendants would "ramp down" Defendants' use of the HERCULES mark and would cease all use within six months, which would have been by April 4, 2020.

29.     Contrary to these representations, on October 11, 2019, Invicta filed with the U.S. Patent and Trademark Office ("PTO") a trademark application to register INVICTA BOLT HERCULES for "watches." This application was assigned Serial No. 88/651,853 by the PTO. As of the filing of this complaint, this application has been allowed for registration and has not been abandoned. A copy of this application is attached as Exhibit 3.

30.     On October 11, 2019, Invicta also filed with the PTO a trademark application to register INVICTA HERCULES for "watches." This application was assigned Serial No. 88/651,855 by the PTO. As of the filing of this complaint, this application has been allowed for registration and has not been abandoned. A copy of this application is attached as Exhibit 4.

31.     At no time were Defendants authorized by Aragon to file these trademark applications.

32.     As of the filing of this complaint, Defendants have continued their unlawful sales of watches in connection with the HERCULES mark, despite the fact that the six-month selloff period has expired. A screenshot of Invitcta's website, available at invictastores.com, showing HERCULES-branded watches being offered for sale is attached as Exhibit 5.

33.     Defendants have also continued their unlawful sales via ShopHQ's website. A screenshot of ShopHQ's website, available at shophq.com, showing HERCULES-branded watches being offered for sale is attached as Exhibit 6.

34.     As of April 6, 2020, invoices for the sale of these goods by both ShopHQ and Invicta bear the HERCULES trademark.

5

35. Defendants are not authorized to use, offer for sale, or sell any goods bearing the HERCULES mark or to hold themselves out as being affiliated with Aragon in any way.

36. Defendants are not licensed to use the HERCULES mark.

37. Defendants had both actual and constructive notice of Aragon's exclusive rights in its federally registered HERCULES mark pursuant to 15 U.S.C. § 1072.

38. Defendants have continued to advertise and promote their goods and services using the HERCULES mark despite promises to Aragon that they would cease doing so.

## HARM TO ARAGON AND THE GENERAL PUBLIC

39. Defendants' unauthorized use of the HERCULES mark, or any similar designation thereto, creates a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendants' products and is likely to falsely suggest a sponsorship, connection, license, or association with Aragon.

40. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Aragon and the HERCULES mark.

41. Defendants' unauthorized use of the HERCULES mark deprives Aragon of sales and of the ability to control the quality of goods in connection with which its mark is used.

42. Defendants' activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public, who has an inherent interest in being free from confusion, mistake, and deception.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement Pursuant to 15 U.S.C. § 1114(1))

43. Aragon realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 42 of this complaint as if fully set forth here.

44. Defendants' use in commerce of the HERCULES mark and variations thereof is likely to cause confusion or mistake or to deceive the relevant public that Defendants' goods are authorized, sponsored, or approved by—or are affiliated with—Aragon.

45. The above-described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Aragon to relief.

46. Defendants have unfairly profited from the trademark infringement alleged.

47. By reason of Defendants' acts of trademark infringement, Aragon has suffered damage to the goodwill associated with the HERCULES mark.

48. Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Aragon and its federally registered trademark.

49. Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake, and deception.

50. By reason of Defendants' acts, Aragon's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Aragon is entitled to a temporary restraining order as well as preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

51. By reason of Defendants' willful acts of trademark infringement, Aragon is entitled to damages, and those damages should be trebled pursuant to 15 U.S.C. § 1117.

52. This is an exceptional case making Aragon eligible for an award of attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

**(Trademark Infringement, Unfair Competition, and False Designation of Origin Pursuant to 15 U.S.C. § 1125(a))**

53. Aragon realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 52 of this complaint as if fully set forth here.

54. Defendants' use in commerce of the HERCULES mark and variations thereof is likely to cause confusion or mistake or to deceive the relevant public that Defendants' goods are authorized, sponsored, or approved by—or are affiliated with—Aragon.

55. The above-described acts of Defendants constitute trademark infringement, unfair competition, and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Aragon to relief.

56. Defendants have unfairly profited from the trademark infringement alleged.

57. By reason of Defendants' acts of trademark infringement, Aragon has suffered damage to the goodwill associated with the HERCULES mark.

58. The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm Aragon and the HERCULES mark.

59. Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake, and deception.

60. By reason of Defendants' acts, Aragon's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Aragon is entitled to a temporary restraining order as well as preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

61. By reason of Defendants' willful acts of trademark infringement, Aragon is entitled to damages, and those damages should be trebled pursuant to 15 U.S.C. § 1117.

62. This is an exceptional case making Aragon eligible for an award of attorneys' fees pursuant to 15 U.S.C. § 1117.

### THIRD CLAIM FOR RELIEF

**(Florida State Statutory and Common Law Unfair Competition)**

63. Aragon realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 62 of this complaint as if fully set forth here.

64. Defendants' willful, knowing, and unauthorized promotion, advertisement, sale, and offering for sale of infringing goods causing confusion as to the source of the goods and causing harm to Aragon and its goodwill is an unlawful appropriation in Aragon's exclusive rights in the HERUCLES mark and variations thereof and constitutes deceptive and unfair practices.

65. Such deceptive and unfair practices have deprived Aragon of sales of its own goods in connection with the HERCULES mark and have therefore actually and proximately caused actual damage to Aragon.

66. Such acts constitute deceptive and unfair trade practices and unfair competition under Florida's Deceptive and Unfair Trade Practices Act, Florida Statute § 501.202, *et seq.*, and under the common law of the State of Florida.

67. Pursuant to Florida Statute § 501.211, Aragon is entitled its actual damages plus its attorneys' fees and court costs.

68. Due to Defendants' conduct, Aragon has suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of money damages that would afford

Aragon adequate relief at law for Defendants' acts. Accordingly. Aragon is entitled to preliminary and permanent injunctive relief.

## FOURTH CLAIM FOR RELIEF

**(Denial of Application Pursuant to 15 U.S.C. §§ 1119 & 1052(d))**

69. Aragon realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 68 of this complaint as if fully set forth here.

70. The INVICTA BOLT HERCULES mark, which is the subject of the application assigned U.S. Serial No. 88/651,553, is confusingly similar to Aragon's HERCULES mark, which was in use and subject of a federal registration prior to Defendants' adoption, first use of, and application to register the INVICTA BOLT HERCULES mark.

71. When the INVICTA BOLT HERCULES mark is used in connection with watches and related goods, such use is likely to cause confusion, or to cause mistake, or to deceive consumer into mistakenly believing that the INVICTA BOLT HERCULES products are those of Aragon or are authorized or sponsored by Aragon.

72. Aragon would be damaged by Defendants' registration of the INVICTA BOLT HERCULES mark.

73. In light of the foregoing, the Court should declare the INVICTA BOLT HERCULES application refused pursuant to 15 U.S.C. §§ 1119 and 1052(d).

## FIFTH CLAIM FOR RELIEF

**(Denial of Application Pursuant to 15 U.S.C. §§ 1119 & 1052(d))**

74. Aragon realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 73 of this complaint as if fully set forth here.

75. The INVICTA HERCULES mark, which is the subject of the application assigned U.S. Serial No. 88/651,555, is confusingly similar to Aragon's HERCULES mark, which was in use and subject of a federal registration prior to Defendants' adoption, first use of, and application to register the INVICTA HERCULES mark.

76. When the INVICTA HERCULES mark is used in connection with watches and related goods, such use is likely to cause confusion, or to cause mistake, or to deceive consumer into mistakenly believing that the INVICTA HERCULES products are those of Aragon or are authorized or sponsored by Aragon.

77. Aragon would be damaged by Defendants' registration of the INVICTA HERCULES mark.

78. In light of the foregoing, the Court should declare the INVICTA HERCULES application refused pursuant to 15 U.S.C. §§ 1119 and 1052(d).

## **SIXTH CLAIM FOR RELIEF**

**(For Promissory Fraud Under Florida Law)**

79. Aragon realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 78 of this complaint as if fully set forth here.

80. Defendants' promise that they would cease their use of the HERCULES trademark was false and thus a misrepresentation, as demonstrated by at least the facts not only that Defendants filed trademark applications containing the HERCULES mark almost immediately after making the promise but also that Defendants continued their sales of watches in connection with the HERCULES mark after the agreed-upon six-month phase-out period had expired.

81. Defendants' knew their statements were false when they were made, as shown by the fact that Invicta filed its trademark applications shortly after the statements were made.

82. Aragon is informed and believes, and on that basis alleges that, as these trademark filings demonstrate, Defendants had no intent to perform according to their promise when they made that promise.

83. Defendants' misrepresentation was material in that Aragon would not have permitted Defendants to continue their sales of watches in connection with the HERCULES trademark for an additional six months if Aragon has known that Defendants' statements were false.

84. Aragon is informed and believes, and on that basis alleges, that Defendants intended that Aragon rely on Defendants' misrepresentation and not pursue a trademark infringement action so that Defendants could continue their unlawful sales unchallenged.

85. Aragon justifiably relied on Defendants' misrepresentation and has been damaged by Defendants' continued sales of watched in connection with the HERCULES mark.

86. As a result of Defendants' conduct, Aragon is entitled to damages according to proof.

87. As a result of Defendants' conduct, Aragon is entitled to punitive damages.

## SEVENTH CLAIM FOR RELIEF

### (For Direct and Vicarious Liability as to Defendant Lalo – All Counts)

88. Aragon realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 87 of this complaint as if fully set forth here.

89. As the moving, active, and conscious force behind Defendants' unlawful conduct, Defendant Eyal Lalo is jointly and severally liable with Defendant Invicta under all counts of this complaint.

## REQUEST FOR RELIEF

WHEREFORE, Aragon requests judgment against Defendants as follows:

1. That the Court enter judgment against Defendants that Defendants have:

    a. infringed the rights of Aragon in the HERCULES trademark, which has been federally registered, in violation of 15 U.S.C. § 1114(1);

    b. infringed the rights of Aragon in the HERCULES trademark in violation of 15 U.S.C. § 1125(a);

    c. engaged in unfair competition and deceptive trade practices; and

    d. engaged in promissory fraud.

2. That each of the above acts was willful.

3. That the Court issue a preliminary and permanent injunction enjoining and restraining Defendants and their agents, servants, employees, successors, and assigns, and all other person acting in concert with or in conspiracy with or participation with Defendants, from:

    a. engaging in any infringing activity, including advertising, promoting, marketing, selling, and offering for sale any goods or services in connection with the HERCULES trademark or any similar mark;

    b. engaging in any unfair competition with Aragon;

    c. engaging in any deceptive acts;

    d. registering, or filing to register, with the PTO the HERCULES mark or any confusingly similar designation.

4. That the Court order that Invicta's trademark applications for the INVICTA BOLT HERCULES and the INVICTA HERULCES marks be abandoned.

5. That Aragon be awarded damages for Defendants' trademark infringement and unfair competition and that these damages be trebled due to Defendants' willfulness, in accordance with the provisions of 15 U.S.C. § 1117.

6. That Aragon be awarded all profits resulting from Defendants' infringement of Aragon's rights and by means of Defendants' unfair competition with Aragon.

7. That Defendants be ordered to account for and disgorge to Aragon all amounts by which Defendants have been unjustly enriched by reason of the unlawful acts complained of.

8. That Aragon be awarded an amount sufficient to reimburse Aragon for the costs of corrective advertising.

9. That Aragon be awarded punitive damages so as to make Defendants an example to the community for their unlawful acts.

10. That Aragon be awarded prejudgment interest on all damages.

11. That the Court award Aragon its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and any other applicable provision of law.

12. That the Court award Aragon its costs of suit incurred herein.

13. That the Court award such other and further relief as the Court may deem just and proper.

DATED:  April 15, 2020                    */s/ John N. Muratides*
                                                                           JOHN N. MURATIDES, ESQUIRE
Florida Bar No. 332615
Email: jmuratides@stearnsweaver.com
Email: lwade@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
401 E. Jackson Street, Suite 2100 (33602)
Post Office Box 3299
Tampa, Florida  33601
Tel.: 813-223-4800
Fax: 813-222-5089

and

TUCKER ELLIS LLP
Howard A. Kroll (*Pro Have Vice* Motion to be filed)
Email: howard.kroll@tuckerellis.com
Steven E. Lauridsen (*Pro Have Vice* Motion to be filed)
Email: steven.lauridsen@tuckerellis.com
515 South Flower Street, 42nd Floor
Los Angeles, CA 90071
Tel.: 213.430.3400
Fax: 213.430.3409

Attorneys for Plaintiff
OKO INTERNATIONAL CO.

## **DEMAND FOR A JURY TRIAL**

Plaintiff OKO International Co. hereby requests a jury trial on all issues so triable.

DATED:  April 15, 2020

*/s/ John N. Muratides*
JOHN N. MURATIDES, ESQUIRE
Florida Bar No. 332615
Email:  jmuratides@stearnsweaver.com
Email:  lwade@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
401 E. Jackson Street, Suite 2100 (33602)
Post Office Box 3299
Tampa, Florida  33601
Tel.: 813-223-4800
Fax: 813-222-5089

and

TUCKER ELLIS LLP
Howard A. Kroll (*Pro Have Vice* Motion to be filed)
Email:  howard.kroll@tuckerellis.com
Steven E. Lauridsen (*Pro Have Vice* Motion to be filed)
Email:  steven.lauridsen@tuckerellis.com
515 South Flower Street, 42nd Floor
Los Angeles, CA 90071
Tel.: 213.430.3400
Fax: 213.430.3409

Attorneys for Plaintiff
OKO INTERNATIONAL CO.