**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 0:20-cv-60783-SINGHAL/VALLE

OKO INTERNATIONAL CO. d/b/a
ARAGON, Florida Corporation

      Plaintiff,

v.

INVICTA WATCH COMPANY OF
AMERICA, INC., a Florida corporation; and
EYAL LALO, an individual

      Defendants.

_____

INVICTA WATCH COMPANY OF
AMERICA, INC., a Florida corporation

      Counterclaim Plaintiff,

<u>v.</u>

OKO INTERNATIONAL CO. d/b/a
ARAGON, Florida Corporation

      Counterclaim Defendant.

_____/

## <u>DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS</u>

      Defendants, Invicta Watch Company of America, Inc. ("Invicta") and Eyal Lalo ("Lalo") (collectively referred to as "Defendants"), hereby file this Answer, Affirmative Defenses, and Counterclaims in response to Plaintiff, OKO International Co. d/b/a Aragon's ("Aragon") Complaint for Damages and Injunctive relief.  Defendants deny the allegations and characterizations in Plaintiff's Complaint unless expressly admitted herein.

- 1 -

## I.  ANSWER

## PARTIES AND JURISDICTION

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, on that basis, deny those allegations.

2.      Defendants admit the allegations in Paragraph 2.

3.      Defendants deny the allegations in Paragraph 3.

4.      Defendants admit that Plaintiff raises claims under the trademark laws of the United States.   Defendants  deny  that  those  claims  have  any  merit.    Defendants  deny  the  remaining allegations in Paragraph 4.

5.       Defendants admit that the Plaintiff raises state law claims arising under Florida law. Defendants deny that those claims have any merit.  Defendants deny the remaining allegations in Paragraph 5.

6.      Defendants deny the allegations in Paragraph 6.   Defendants nevertheless submit to personal jurisdiction in this district for purposes of this action only.

7.      Defendants deny the allegations in Paragraph 7.  Defendants nevertheless submit to venue in this district for purposes of this action only.

## ARAGON'S BUSINESS AND TRADEMARKS

8.       Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, deny those allegations.

9.       Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, on that basis, deny those allegations.

10.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, on that basis, deny those allegations.

010-9074-7682/3/AMERICAS

11.     Defendants admit Plaintiff attached what appears to be a website screenshot as Exhibit 1 to the Complaint.  Defendants further admit that Exhibit 1 shows the HERCULES mark in close proximity to the house brand "Aragon" in connection with the sales of watches. Defendants lack sufficient information and belief with which to admit or deny the remaining allegations in Paragraph 11 and therefore deny them.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, deny those allegations.

13.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, on that basis, deny those allegations.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, deny those allegations.

15.     Defendants deny the allegations in Paragraph 15.

16.     Defendants deny the allegations in Paragraph 16.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, deny those allegations.

18.     Defendants deny the allegations in Paragraph 18.

19.     Defendants deny that Aragon owns "extensive common law rights" in the HERCULES mark.  Defendants admit that Plaintiff attaches to its Complaint as Exhibit 2, a copy of a registration certification bearing U.S. Registration No. 4,568,874.  Defendants' deny the remaining allegations in Paragraph 19.

20.     Defendants deny the allegations in Paragraph 20.

21.     Defendants deny the allegations in Paragraph 21.

## DEFENDANTS' ALLEGED INFRINGING ACTIVITIES

22.     Defendants admit that Invicta is a designer and manufacturer of watches and is in the business of designing, manufacturing, distributing and selling watches.  Defendants deny the remaining allegations in Paragraph 22.

23.     Defendants admit the allegations in Paragraph 23.

24.     Defendants deny the allegations in Paragraph 24.

25.     Defendants admit that Invicta sells watches to ShopHQ as a distributor, who then sell products, including Invicta watches, on shophq.com. Some of those watches have been advertised under the name Invicta Bolt Reserve Hercules and Invicta Reserve Hercules as of October 2019.  Defendants deny the remaining allegations in Paragraph 25, including the allegation that such watches are sold in connection with the HERCULES mark.

26.     Defendants admit that Plaintiff contacted ShopHQ via email, which then forwarded that email to Invicta.  Defendants deny all the remaining allegations in Paragraph 26.

27.     Defendant Lalo advised Plaintiff of the highly distinguishable use of the word "Hercules" as a third tier identifier of the product.  Defendants deny all the remaining allegations in Paragraph 27.

28.     Defendants deny the allegations in Paragraph 28.

29.     Defendants admit that Invicta filed with the U.S. Patent and Trademark Office ("PTO") a trademark application to register INVICTA BOLT HERCULES for "watches," and that the application was assigned Serial No. 88/651,853 by the PTO.  Defendants further admit that Plaintiffs have attached a copy of a PTO record relating to the application as Exhibit 3 to the Complaint.  Defendants also admit that the PTO has allowed the application and that Invicta has not abandoned its rights in the mark.  Defendants deny the remaining allegations in Paragraph 29.

- 4 -

30.     Defendants admit that Invicta filed with the PTO a trademark application to register INVICTA HERCULES for "watches," and that the application was assigned Serial No. 88/651,855 by the PTO.  Defendants further admit that Plaintiffs have attached a copy of a PTO record relating to the application as Exhibit 4 to the Complaint. Defendants also admit that PTO has allowed the application and that Defendants admit that Invicta has not abandoned its rights in mark. Defendants deny the remaining allegations in Paragraph 30.

31.     Defendants admit that Aragon did not authorize Invicta to file the trademark applications addressed in paragraphs 29 and 30 of the Complaint, but aver that such authorization was not required.  Defendants deny the remaining allegations in Paragraph 31.

32.     Defendants admit that Plaintiff attached an Exhibit 5 to its Complaint. Defendants deny the remaining allegations in Paragraph 32.

33.     Defendants admit that Plaintiff attached what appears to be a website screenshot as Exhibit 6.  Defendants deny the remaining allegations in Paragraph 33, including the allegation that Invicta has engaged in "unlawful sales."

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants admit that Aragon did not authorize Invicta to use the HERCULES mark or to suggest an affiliation with Aragon, but aver that Defendants have not engaged in any actions requiring such authorization.  Defendants deny the remaining allegations in Paragraph 35.

36.     Defendants admit that they are not licensed to use the HERCULES mark, but aver that Defendants have not engaged in any actions requiring such a license. Defendants deny the remaining allegations in Paragraph 36.

37.     Defendants deny the allegations in Paragraph 37.

38.     Defendants deny the allegations in Paragraph 38.

## ALLEGED HARM TO ARAGON AND THE GENERAL PUBLIC

39.     Defendants deny the allegations in Paragraph 39.

40.     Defendants deny the allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

42.     Defendants deny the allegations in Paragraph 42.

## FIRST CLAIM FOR RELIEF

43.     Defendants incorporate by reference their responses to paragraphs 1 through 42 above.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45.

46.     Defendants deny the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

## SECOND CLAIM FOR RELIEF

53.     Defendants incorporate by reference their responses to paragraphs 1 through 52 above.

54.     Defendants deny the allegations in Paragraph 54.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

010-9074-7682/3/AMERICAS

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants deny the allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

## THIRD CLAIM FOR RELIEF

63.     Defendants incorporate by reference their responses to paragraphs 1 through 62 above.

64.     Defendants deny the allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67.

68.     Defendants deny the allegations in Paragraph 68.

## FOURTH CLAIM FOR RELIED

69.     Defendants incorporate by reference their responses to paragraphs 1 through 68 above.

70.     Defendants deny the allegations in Paragraph 70.

71.     Defendants deny the allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72.

73.     Defendants deny the allegations in Paragraph 73.

## FIFTH CLAIM FOR RELIEF

74.    Defendants incorporate by reference their responses to paragraphs 1 through 73 above.

75.    Defendants deny the allegations in Paragraph 75.

76.    Defendants deny the allegations in Paragraph 76.

77.    Defendants deny the allegations in Paragraph 77.

78.    Defendants deny the allegations in Paragraph 78.

## SIXTH CLAIM FOR RELIEF

79.    Defendants incorporate by reference their responses to paragraphs 1 through 78 above.

80.    Defendants deny the allegations in Paragraph 80.

81.    Defendants deny the allegations in Paragraph 81.

82.    Defendants deny the allegations in Paragraph 82.

83.    Defendants deny the allegations in Paragraph 83.

84.    Defendants deny the allegations in Paragraph 84.

85.    Defendants deny the allegations in Paragraph 85.

86.    Defendants deny the allegations in Paragraph 86.

87.    Defendants deny the allegations in Paragraph 87.

## SEVENTH CLAIM FOR RELIEF

88.    Defendants incorporate by reference their responses to paragraphs 1 through 87 above.

89.    Defendants deny the allegations in Paragraph 89.

010-9074-7682/3/AMERICAS

**RESPONSE TO REQUEST FOR RELIEF**

Plaintiff's Request for Relief sets forth requests for relief for which no response is required. To the extent necessary, Defendants deny that Plaintiff is entitled to any relief from Defendants in this action and deny all the allegations contained in Paragraphs 1-13 (including any subparts thereof) of Plaintiff's Request for Relief.

## II. DEFENSES

### FIRST ADDITIONAL DEFENSE
### (Failure to State a Claim)

1.    The Complaint fails to state a claim upon which relief may be granted because Defendants have not performed any act in violation of any rights validly belonging to Aragon.

### SECOND ADDITIONAL DEFENSE
### (Failure to plead with particularity)

2.    The Complaint fails to plead its claims for fraud with particularity.

### THIRD ADDITIONAL DEFENSE
### (Lack of Supplemental Jurisdiction)

3.    The Court lacks supplemental jurisdiction over the purported state law Claims for relief in the Complaint, and each of them.

### FOURTH ADDITIONAL DEFENSE
### (No Individual Liability)

4.    Plaintiff's claims against Defendant Eyal Lalo individually fail to state a claim.

### FIFTH ADDITIONAL DEFENSE
### (No Irreparable Harm)

5.    Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendants' alleged actions.

**SIXTH ADDITIONAL DEFENSE**
**(Acquiescence)**

6.      Plaintiff's claims are barred because Aragon acquiesced to the conduct complained of in each purported cause of action asserted in the Complaint.

**SEVENTH ADDITIONAL DEFENSE**
**(Waiver)**

7.      Plaintiff's claims are barred because Aragon has waived any right to recover against Defendants.

**EIGHTH ADDITIONAL DEFENSE**
**(Estoppel)**

8.      Aragon is estopped by its own acts and/or omissions from any recovery against Defendants.

**NINTH ADDITIONAL DEFENSE**
**(Abandonment)**

9.      Plaintiff's claims are barred by Plaintiff's abandonment of the HERCULES mark and by its failure to police that mark.

**TENTH ADDITIONAL DEFENSE**
**(Unclean Hands)**

10.      Plaintiff's claims are barred by the doctrine of unclean hands.

**ELEVENTH ADDITIONAL DEFENSE**
**(Mark Invalidity)**

11.      Plaintiff's claims are barred due to the invalidity of Plaintiff's purported trademarks at issue.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

12.      Plaintiff failed to take reasonable steps to mitigate, alter, reduce, or otherwise diminish its alleged damages, and accordingly, is barred from recovery of any damages that might have been prevented by such mitigation.

- 10 -

## THIRTEENTH ADDITIONAL DEFENSE
### (No Likelihood of Confusion)

13.     Plaintiff's claims are barred because Defendants' alleged use of the mark at issue are not confusingly similar to Plaintiff's purported trademarks.

## FOURTEENTH ADDITIONAL DEFENSE
### (Fair Use)

14.     Plaintiff's claims are barred because Defendants' alleged actions are fair use of the mark.

## FIFTEENTHADDITIONAL DEFENSE
### (No Injunctive Relief)

15.     The injunctive relief sought by Aragon for alleged trademark infringement is unavailable because any alleged injury to Aragon is neither immediate nor irreparable, and because Aragon has an adequate remedy at law for any alleged injury.

## RESERVATION OF OTHER DEFENSES

Defendants expressly reserve the right to assert any additional affirmative defenses, whether available now or in the future, as this action proceeds.

**WHEREFORE**, Defendants pray for judgment against Plaintiff as follows:

1.      For the Plaintiff to take nothing from Defendants by this lawsuit;

2.      For Defendants to be dismissed and awarded its costs of suit and attorneys' fees in defense of this action;

3.      The Court enter judgment cancelling as invalid U.S. Trademark Registration No. 4,568,874;

For such other and further relief in favor of Defendants as the Court may deem just and proper.

## III.  COUNTERCLAIMS

- 11 -

## <u>COUNTERCLAIMS FOR DECLARATORY JUDGMENT</u>

Counterclaim Plaintiff, Invicta Watch Company of America, Inc. ("Invicta"), counterclaims against Counterclaim Defendant, OKO International Co. d/b/a Aragon ("Aragon") as follows:

### NATURE OF THE CASE

1.      Invicta seeks a declaratory judgment that its designing, selling, and/or manufacturing of watches marketed using its own (a) trademarks INVICTA HERCULES BOLT and INVICTA HERCULES or (b) the term "Hercules" in conjunction with the INVICTA house mark do not infringe or otherwise violate any rights of Aragon's trademark rights or constitute unfair competition.  Aragon has sued Invicta for damages and injunctive relief, alleging claims for, *inter alia*, trademark infringement and unfair competition.  Invicta asserts this counterclaim to seek relief from Aragon's allegations.

### PARTIES

2.      Counterclaim Plaintiff Invicta is a Florida corporation with its principal place of business in Hollywood, Florida, within this judicial district.

3.      On information and belief, and based on Paragraph 1 of Plaintiff's Complaint, Aragon is a Florida corporation with its principal place of business in Deerfield Beach, Florida.

### JURISDICTION AND VENUE

4.      These Counterclaims are asserted under Rule 13 of the Federal Rules of Civil Procedure and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This action arises under the Federal trademark and unfair competition laws, 15 U.S.C. § 1051 *et seq*.

5.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

- 12 -

6.      Counterclaim Defendant has consented to the personal jurisdiction of this Court at least by commencing its action for trademark infringement and other claims in this district, as set forth in its Complaint.

7.      Based solely on Counterclaim Defendant's filing of its Complaint, venue is proper in this district pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## FACTUAL ALLEGATIONS

8.      On April 21, 2020, Aragon filed a lawsuit in this Court alleging that, among other things, Invicta's use of its marks INVICTA BOLT HERCULES and INVICTA HERCULES and Invicta's use of the term "Hercules" in connection with the sale of its watches violates Aragon's trademark rights under 15 U.S.C. § 1114 and 15 U.S.C. § 1125.  Invicta denies infringement and that Aragon has rights to prevent Invicta from using "Hercules" in conjunction with its house brand INVICTA, or the marks INVICTA BOLT HERCULES or INVICTA HERCULES in connection with watches. Accordingly, there is a substantial, immediate and real controversy between Invicta and Aragon as to their legal interests with respect to the parties' trademarks.

9.      Invicta's sale of watches using the marks INVICTA BOLT HERCULES and INVICTA HERCULES or the term "Hercules" in conjunction with its house brand INVICTA has not caused, and is not likely to cause, confusion, mistake or deception among the public over whether any business or commercial activity of Invicta has its source of origin with Aragon, or is in some manner approved by, associated with, sponsored by or connected with Aragon, and thus does not infringe Aragon's marks, or constitute unfair competition or a deceptive business practice.

***Invicta has a longstanding history of creating quality and affordable watches***

- 13 -

10.     Invicta designs, manufactures, markets, and sells men's and women's watches throughout the United States and internationally, both directly through its network of distributors and through other third-party retailers.

11.     The Invicta brand began selling watches nearly two centuries ago in 1837, with a mission to offer high quality time pieces at modest prices.   Since that time, Invicta has continued to make manual and automatic pieces of exceptional design and construction.   In creating these timeless pieces, Invicta has gained a worldwide, devoted following and Invicta is an industry leader in both the United States and around the world.

12.     In carrying out that mission, Invicta currently designs, sells, and markets over 37 different collections and collaborations of watches, within the Invicta brand of timepieces, and delivers over 1500 new watch models to market each year.

***Invicta holds a strong and distinctive house mark, which distinguishes its watches from all others on the market***

13.     As an innovator in the market, Invicta has consistently sought to protect its own intellectual property and the brand recognition and customer goodwill it has developed.   To that end, Invicta has owned U.S. Registration No. 2,947,259 for INVICTA for "watches," since 2005. This house mark is well-known and widely recognized by consumers.

14.     For at least 24 years, Invicta has consistently marketed its watches by highlighting its INVICTA house mark in conjunction with other descriptors and secondary or tertiary marks. Each Invicta watch is branded with the INVICTA mark.   In fact, Invicta owns approximately 800 registered trademarks which include the word "Invicta" and its overall portfolio includes over 1250 individual trademarks.

15.     To that end, millions of consumers have become familiar with the Invicta brand and INVICTA mark by visiting Invicta's website and purchasing watches.  It has significant operations in the United States and around the world.

### *Invicta created the INVICTA Hercules watches in collaboration with Shaquille O'Neal*

16.     Invicta constantly develops new watch collections, and seeks out collaborations with other industry leaders to develop high quality watches, which are also accessible to the public. In the past five years, Invicta has developed watch lines in collaboration with DC Comics, Star Wars, Warner Brothers, the National Football League, Marvel Comics, Hard Rock, and Disney (among others).

17.     In continuing that tradition of collaboration, Invicta developed a new watch line (but one within its already-established Invicta Bolt Reserve collection) in connection with former NBA titan Shaquille O'Neal.  As part of the development of that collection, Invicta developed a name that would prominently feature the INVICTA house mark, but would also tip its hat to the collaborator.

18.     The Hercules name was a natural progression for this collection. Invicta has had a longstanding collection of Invicta Bolt Reserve watches. The Bolt collection is essentially a well-established sub-brand within Invicta, and it enjoys considerable popularity and recognition among consumers.  The prior iteration of the Bolt Reserve was the Bolt Reserve Zeus. In working on the next generation of watches, in collaboration with Shaquille O'Neal, the name Invicta Bolt Hercules was the perfect fit because Hercules is the son of Zeus and Invicta wanted to show the connection to prior generation of Invicta Bolt Reserve watches.  In other words, using the term Hercules was a natural fit here.

19.     Consistent with its approach of tying each watch collection and collaboration to the distinctive INVICTA house mark, Invicta sells watches marketed as Invicta Hercules as part of its Bolt Reserve line. The watches include several models including the Invicta Hercules Reserve Shaq and the Invicta Reserve Hercules.  Invicta uses the term "Hercules" only in close physical proximity to its "INVICTA" house mark and does not sell or market those watches using the "Hercules" moniker alone.

20.     To protect its own intellectual property and common law trademark, Invicta filed an application to register the INVICTA BOLT HERCULES mark for watches in the United States Patent and Trademark Office ("PTO").  This application was assigned Serial No. 88/651,853 by the PTO.   The PTO allowed the application because it met the requirements for registration, including lack of confusing similarity with any other registered mark, and the registration should be granted soon.

21.     Invicta also filed an application to register the trademark INVICTA HERCULES for watches in the PTO. This application was assigned Serial No. 88/651,855 by the PTO.  The PTO allowed the application because it met the requirements for registration, including lack of confusing similarity with any other registered mark, and the registration should be granted soon.

***There is no actual or likelihood of confusion between the INVICTA BOLT HERCULES and INVICTA HERCULES marks and the Aragon HERCULES marks for watches***

22.     There is no actual or likelihood of confusion between the INVICTA BOLT HERCULES mark, the INVICTA HERCULES mark, or the use of the term "Hercules" with the house mark INCIVTA in connection with the sale watches on one hand and Aragon's HERCULES mark for watches on the other.  The PTO already concluded as much when it allowed the INVICTA BOLT HERCULES and INVICTA HERCULES marks.

- 16 -

23.    Invicta's marketing of watches in connection with the term "Hercules" (whether through the use of the INVICTA BOLT HERCULES and INVICTA HERCULES marks or otherwise) emphasizes the house mark INVICTA, and not the secondary and tertiary marks of HERCULES or BOLT HERCULES.  The term "Hercules" does not appear on any watches sold or manufactured by Invicta.

24.    Similarly, Aragon's marketing of its HERCULES watches emphasizes the house brand ARAGON. On information and belief the term "Hercules" only appears on Aragon watches in close proximity to the house brand "ARAGON" mark.

25.    Invicta and Aragon are not the only entities that use the name HERCULES in connection with the marketing and promotion of watches. In other words, other companies market watches using the HERCULES mark without causing a likelihood of confusion.  For example Bremont sells a line of H-4 Hercules watches.[1]  On information and belief, the term Hercules is used throughout many industries; consumers do not specifically associate that term with the Aragon brand.

26.    Invicta sells INVICTA BOLT HERCULES, INVICTA HERCULES, and Invicta Reserve Hercules watches through different trade channels than Aragon sells its ARAGON HERCULES watches.  On information and belief, Invicta also targets different customers for its watches than does Aragon.

27.    Invicta launched its sales of the INVICTA BOLT HERCULES and Invicta Reserve Hercules watches exclusively through ShopHQ and continues to sell this product through ShopHQ, which is a televised shopping channel.

---

[1] https://us.bremont.com/collections/bremont-h-4-hercules

28.    On information and belief, Aragon does not sell any of its watches through ShopHQ.

29.    On information and belief, no consumers have been confused by Invicta's use of INVICTA BOLT HERCULES or INVICTA HERCULES marks in connection with the sale of Invicta watches.  On information and belief, no consumers have been confused by Invicta's use of term "Invicta Reserve Hercules" or "Invicta Hercules Reserve" in connection with the sale of Invicta watches.

**CLAIMS FOR RELIEF**

**Count I – Declaratory Judge of Non-Infringement Trademark Infringement**

30.    Invicta re-alleges and incorporates the allegations in Paragraphs 1-29 as if fully set forth herein.

31.    Neither Invicta's use of the marks INVICTA BOLT HERCULES and INVICTA HERCULES in connection with its watches nor Invicta's use of the term Hercules in conjunction with its house mark INVICTA has caused, and is not likely to cause, confusion, mistake or deception as to the source of the goods, and does not conflict with Aragon's use of the trademark HERCULES.

32.    Invicta's use of the marks INVICTA BOLT HERCULES and INVICTA HERCULES in connection with its watches has not and does not jeopardize the goodwill, if any, Aragon owns in its HERCULES mark or cause any other injury to Aragon. More generally, Invicta's use of the term Hercules in conjunction with its house mark INVICTA has not and does not jeopardize the goodwill, if any, Aragon owns in its HERCULES mark or cause any other injury to Aragon.

- 18 -

33.     Invicta is entitled to a declaratory judgment from this Court that its use of the marks INVICTA BOLT HERCULES and INVICTA HERCULES, and its use of the tern Hercules in conjunction with its house mark INVICTA, on or in connection with its watches does not infringe Aragon's claimed rights in the trademark HERCULES under 15 U.S.C. §1114 or § 1125(a) or under state law or common law.

### Count II – Declaratory Judgment of No Violation of Trademark Infringement, Unfair Competition, and False Designation of Origin Pursuant to 15 U.S.C. § 1125(a)

34.     Invicta re-alleges and incorporates the allegations in Paragraphs 1-33 as if fully set forth herein.

35.     Invicta is entitled to a declaratory judgment from this Court that its use of the marks INVICTA BOLT HERCULES and INVICTA HERCULES and its use of the term "Hercules" in conjunction with its house brand INVICTA on or in connection with its watches does not constitute unfair competition under 15 U.S.C. § 1125 (a) or under state law or common law.

## PRAYER FOR RELIEF

WHEREFORE, Invicta respectfully requests that this Court enter judgment in its favor as follows:

1.     Declaring that Invicta's use of the marks INVICTA BOLT HERCULES and INVICTA HERCULES and its use of the term "Hercules" in conjunction with its house brand INVICTA on or in connection with its watches does not infringe any trademark rights Aragon has in the mark HERCULES;

2.     Declaring that Invicta's use of the marks INVICTA BOLT HERCULES and INVICTA HERCULES and its use of the term "Hercules" in conjunction with its house mark INVICTA on or in connection with its watches does not constitute unfair competition;

3.      Ordering that Aragon pay Invicta's costs, reasonable attorney's fees and expenses

incurred in connection with this action; and

4.      Granting such other and further relief as the Court deems just and proper.


Dated:  June 8, 2020


By:  /s/ *Jonathan R. Weiss*
Jonathan R. Weiss
Florida Bar No. 057904
Jonathan.Weiss@squirepb.com
Squire Patton Boggs (US) LLP
200 South Biscayne Blvd., Suite 4700
Miami, Florida  33131
305.577.7000


Steven M. Auvil
Steven.auvil@squirepb.com
Rachael A. Harris
Rachael.harris@squirepb.com
*Admitted Pro Hac Vice*
Squire Patton Boggs (US) LLP
2550 M. Street NW
Washington, D.C. 20037
Telephone:  (202) 457-6000

*Attorneys for Defendants Invicta Watch Company of America, Inc. and Eyal Lalo*

- 20 -

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document on June 8, 2020.

<u>*/s/ Jonathan R. Weiss*</u>
Jonathan R. Weiss