**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:20-cv-60783-SINGHAL/VALLE**


OKO INTERNATIONAL CO. d/b/a
ARAGON, Florida Corporation


      Plaintiff,

v.

INVICTA WATCH COMPANY OF
AMERICA, INC., a Florida corporation; and
EYAL LALO, an individual


      Defendants.

_____/


INVICTA WATCH COMPANY OF
AMERICA, INC., a Florida corporation

      Counterclaim Plaintiff,


<u>v.</u>

OKO INTERNATIONAL CO. d/b/a
ARAGON, Florida Corporation

      Counterclaim Defendant.

_____/


**DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

I.      **Introduction**

Invicta and Lalo are entitled to partial judgment on the pleadings on several claims asserted by Aragon.  Specifically, the following claims are insufficient as a matter of law and thus partial judgment is warranted and appropriate: (1) Count VI for "Promissory Fraud Under Florida Law"; (2) Count V for "Denial of Application Pursuant to 15 U.S.C. §§ 1119 and 1052(d)"; and (3) Count VII for "Direct and Vicarious Liability as to Defendant Lalo—All Counts."   In Counts I-III (which are not the subject of this Motion), Aragon alleges that Invicta sold watches that infringe on Aragon's HERCULES mark for watches.  This is the core of the Complaint, and this dispute should begin and end with the resolution of whether corporate Defendant Invicta's sale of certain watch lines infringes Aragon's alleged rights to use its HERCULES mark for watches.  The Court should dismiss the other extraneous and spurious claims, and allow the parties to proceed on the core claims related to the alleged trademark infringement.

Plaintiff's "promissory fraud" claim does not state a claim.  Aragon's displeasure with Invicta's business decision to pursue its own trademark rights does not amount to fraud.  And Aragon's sweeping and unsupported allegations of fraud certainly do not meet the exacting pleading requirements of Rule 9(b).  Plaintiff fails to allege specifically, as it must, which Defendant engaged in which purported "bad acts."  Nor does Aragon properly allege any facts from which this Court could reasonably infer that a statement made by a Defendant was false or that Defendants acted with the requisite intent.  The claim also fails to allege that Aragon suffered damages as a result of its alleged reliance on Invicta's representation.  Rather, Aragon asserts it suffered damages stemming from the alleged sales of the watches—damages that are attributable to the alleged trademark infringement, not the purported fraud.  The claim also fails against Mr. Lalo for the additional reason that Aragon fails to allege any facts to support its contention that Lalo is individually liable for the purported acts of Invicta.

- 1 -

Count VII of the Complaint for "direct and vicarious" liability for Defendant Lalo should also be dismissed as duplicative of the other six claims asserting direct liability against Mr. Lalo. To the extent the claim seeks to impose vicarious liability on Mr. Lalo for the actions of Aragon, it fails to plead any facts supporting that theory.

Finally, the Court should dismiss Count V as moot. That claim seeks denial of a trademark application that the United States Patent and Trademark Office ("USPTO") granted after Aragon filed the Complaint. The Court simply cannot provide the relief Aragon seeks.

Accordingly, the Court should dismiss Counts V, VI, and VII with prejudice.

## II.    Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A party may raise the defense of failure to state a claim upon which relief can be granted in a motion for judgment on the pleadings. Fed. R. Civ. P. 12(h)(2). Judgment on the pleadings must be granted when no issues of material fact exist, and the movant is entitled to judgment as a matter of law. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). A Court evaluates a motion for judgment on the pleadings under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). Thus, a claim may withstand such a motion only when the claim has facial plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). The relevant pleading must contain more than mere labels, conclusions, a formulaic recitation of the elements of a cause of action, and "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quotations omitted) (brackets in original).

III.    **Count VI for Promissory Fraud must be dismissed for failure to state a claim under the stringent pleading requirement of Fed. R. Civ. P. 9(b).**

The Court should dismiss Plaintiff's claim for promissory fraud (Count VI) because it fails to state a claim for relief or plead that claim with the requisite particularity.  As a threshold matter, Florida law does not generally recognize a claim for "promissory fraud."  The Court should dismiss this cause of action on this basis alone.  Even assuming, however, that Aragon intended to assert a claim for common law fraud or fraudulent misrepresentation, that claim fails because the claim (1) improperly lumps together the actions of all Defendants; (2) fails to allege facts to support its allegations of intent; and (3) omits facts to support its conclusory allegations of damages suffered as a result of the purported fraud.  Separately, the claim fails against Lalo individually because there are no allegations allowing Lalo to be liable for the acts of Invicta, nor are there any factual allegations that Lalo engaged fraudulent activities individually.

A.    **Fraud claims must be plead with particularity.**

Under Florida law, the elements of fraud are: "(1) a false statement of fact; (2) known by the defendant to be false at the time that it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage or injury." *Nat'l Ventures, Inc. v. Water Glades 300 Condo. Ass'n*, 847 So. 2d 1070, 1074 (Fla. 4th DCA 2003) (citation omitted).

The Court must examine a fraud claim under a heightened standard of Rule 9(b). *Anthony Distribs. v. Miller Brewing Co.*, 904 F. Supp. 1363, 1365 (M.D. Fla. 1995) ("the Court applies Rule 9(b) . . .[which] specifies that in all averments of fraud, the circumstances constituting fraud shall be stated with particularity.").  The pleading requirements of Rule 9(b) are applicable to motions for judgment on the pleadings.  *See Ctr. for Individual Rights v. Chevaldina*, No. 16-Civ-

- 3 -

20905, 2018 U.S. Dist. LEXIS 28723, at *3-4 (S.D. Fla. Feb. 21, 2018) (applying the heightened pleading requirements of Rule 9(b) to a motion made under Rule 12(c)).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations, (2) the time and place of each such statement and the person responsible for making same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002); *see also Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006) (Rule 9(b) requires that the complaint state the "who, what, when where, and how" of the alleged misconduct). The particularity requirement of Rule 9(b) ensures that "defendants have fair notice of the nature of plaintiff's claim and the grounds upon which it is based." *U.S. ex rel. Heater v. Holy Cross Hosp., Inc.*, 510 F. Supp. 2d 1027, 1033 (S.D. Fla. 2007) (quotations omitted).

**B.     Count VI fails to put each Defendant on notice of its purported bad act.**

"[I]n a case involving multiple defendants the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1381 (1997) (quotations omitted). The plaintiff must notify each defendant of its role in the alleged fraud and may not merely "lump[] together" multiple defendants. *Id.* (quotations omitted).

The Complaint falls well short of the requirements of Rule 9(b) by failing to differentiate between which actions Defendant Lalo undertook and which actions are attributable to Invicta. With the exception of a single allegation, the Complaint lumps together the acts of Lalo

- 4 -

(purportedly as an individual) and Invicta, the corporate Defendant.  For example, paragraphs 26, 28, 29, and 30 merely refer to the acts of the "Defendants."  Only one allegation is plausibly related to the purported fraud attributable to Lalo individually.  *See* Compl. ¶ 27 ("In response, Lalo described Defendants' use of HERCULES as an unimportant, 'third-tier description' for Defendants' products and requested time to phase out sales of their HERCULES-branded products.").

This type of pleading obscures the role each Defendant played in the alleged fraud, and thus fails to provide them fair notice of their alleged misconduct as required by Rule 9(b).  *See Great Florida Bank v. Countrywide Home Loans, Inc*., 2011 U.S. Dist. LEXIS 10321, **9-10 (S.D. Fla. Feb. 3, 2011) (references to defendants plead "in a way that obscures the identity of the party or parties that are alleged to have actually committed the fraudulent actions . . . [and] that makes it impossible for Defendants to know which of the Defendants is alleged to have made the claimed statements"); *see also Cordova v. Lehman Bros*., 526 F. Supp. 2d 1305, 1313 (S.D. Fla. 2007) (dismissing claim for fraud when plaintiff lumped together actions for the combined defendants, rather than identifying specific misrepresentations or stating how actions attributable to individual defendant) *aff'd in rel. part sub nom. Puterman v. Lehman Bros*., 332 Fed. App'x 549 (11th Cir. 2009).

Moreover, to the extent Plaintiff pleaded certain allegations attributable to Invicta or Lalo specifically, the Complaint still fails to adequately plead the time and place of the alleged fraud. Rule 9(b) requires allegations to address the time and place of fraudulent conduct.  *Chamberlain v. Integraclick, Inc.*, 2011 U.S. Dist. LEXIS 56847, at *10 (N.D. Fla. May 25, 2011) (dismissing fraud claim when "[t]he complaint d[id] not provide the time of the alleged fraud, which is critical, but merely states '[d]uring the relevant period' and vaguely refers to the recession.").  Here, the

single statement attributable to Lalo in Paragraph 37 of the Complaint fails to allege when Lalo made that statement or who at Aragon he made the statement to. As plead, none of the allegations directed at the fraud claim puts either Defendant on notice of the purported fraudulent conduct, a shortfall that proves fatal to Aragon's fraud claim.

### C.   Aragon failed to allege specific facts to support the general allegations of intent.

A claim for fraud must plead, among other things, that "the defendant knew the statement was false when he made it. . . [and] the defendant intended that the plaintiff rely and act on the false statement." *Simon v. Celebration Co.*, 883 So. 2d 826, 832 (Fla. 5th DCA 2004); *see also Taylor Woodrow Homes Florida, Inc. v. 4/46-A Corp.*, 850 So. 2d 536 (Fla. 5th DCA 2003). Aragon fails to allege any facts from which the Court could infer that either of the Defendants believed the statements regarding the Hercules mark were false when made or had an intent to defraud Aragon.

Aragon's reliance on "information and belief" allegations simply cannot meet that burden. While intent may be alleged generally and on "information and belief," to do so the pleading must contain "specific facts supporting a strong inference of fraud." *Letzer v. Radiant Creations Grp., Inc.*, No. 16-14349-CIV, 2016 U.S. Dist. LEXIS 175851, at *8 (S.D. Fla. Dec. 19, 2016). Thus, "the complaint still must supply enough factual allegations to make her theoretically viable claim plausible." *Kendall v. Bos. Sci. Corp.*, No. 6:17-cv-1888-Orl-37-GJK, 2018 U.S. Dist. LEXIS 111885, at *8 (M.D. Fla. June 25, 2018).

Aragon bases its conclusory allegations of falsity and intent on the allegation that "Aragon is informed and believes, and on that basis alleges that, as these trademark filings demonstrate, Defendants had no intent to perform according to their promise [to ramp down use of HERCULES] when they made that promise." Compl. ¶ 82. However, filing of the trademark application has no

- 6 -

bearing on the alleged representations of Mr. Lalo or Invicta made a week prior on October 4, 2019.  It simply does not speak to the veracity of any statements made by Invicta or Mr. Lalo, or what either party believed or intended to do a week prior to when the applications were submitted. This is insufficient under the requirements of Rule 9(b).  *See also In re Palm Beach Fin. Partners, L.P.*, 488 B.R. 758, 778 (S.D. Fla. 2013) (granting motion to dismiss fraud claim alleging acts "upon information and belief" because the "conclusory allegation" was not sufficient); *Sunoptic Techs., LLC v. Integra Luxtec, Inc.*, 2009 U.S. Dist. LEXIS 23836 (M.D. Fla. Mar. 18, 2009) (granting motion to dismiss because "upon information and belief" allegations "contain no specific fact and are often bare assertions of belief.").

### D.      Aragon fails to allege damages resulting from Defendants' alleged fraud.

Count VI fails for the additional reason that it omits any specific allegations of damage suffered as a result of the purported fraud.  "A claimant's conclusory allegation that it suffered damages is insufficient to satisfy Rule 9(b)'s particularity requirement," and requires dismissal of the claim. *Kadiyala v. Pupke*, No. 17-80732-CIV-MARRA/MATTHEWMAN, 2019 U.S. Dist. LEXIS 57880, at *10 n.6 (S.D. Fla. Apr. 4, 2019); *see also McElrath v. ABN AMRO Mortg. Grp., Inc.*, No. 11-62216-CIV, 2012 U.S. Dist. LEXIS 17361, at *5 (S.D. Fla. Feb. 13, 2012) (dismissing fraudulent inducement claim where plaintiff alleged only that it had "sustained damages" as a result of the defendants' conduct).  Mere allegations of general harm are insufficient.  Rather, the element of damages "must be pled using specific, ultimate facts." *Neuman v. Travel Holdings, Inc.*, No. 6:07-cv-1989-Orl-31GJK, 2008 U.S. Dist. LEXIS 13301, at *7 n.2 (M.D. Fla. Feb. 22, 2008). To that end, "fraud cannot form the basis for recovery of damages unless the damages directly arise from the fraud and are causally connected to the fraud." *Id.*

Here, the Complaint is devoid of specific facts alleging that Plaintiff suffered actual damages resulting from Plaintiff's reliance on Defendants' allegedly false statements. Plaintiff asserts that it "would not have permitted Defendants to continue their sales of watches in connection with the HERCULES trademark for an additional six months if Aragon has known that Defendants' statements were false." Compl. ¶ 83. But that statement does not reveal a concrete or actual injury *stemming from the alleged fraud*. Rather, the injury alleged appears to stem from Defendants' purported use of the HERCULES mark (through Defendants' sale of watches), not the alleged promise not to use the mark. *See* Compl. ¶ 85 ("Aragon justifiably relied on Defendants' misrepresentation and has been damaged by Defendants' continued sales of watches in connection with the HERCULES mark."). Aragon confirms its theory of damages by failing to assert separate damages for fraud in its Prayer for Relief. *See* Compl. at Request for Relief (making only a single request for monetary "damages for Defendants' trademark infringement and unfair competition and that these damages be trebled due to Defendants' willfulness, in accordance with the provisions of 15 U.S.C. § 1117.").

A claim for damages allegedly stemming from the infringement, and not the alleged fraud, fails to meet the stringent requirements of Rule 9(b). *Fontana Inv'rs, LLC v. S. Beach Resort Dev., LLC*, No. 13-cv-22780-UU, 2014 U.S. Dist. LEXIS 28554, at *6 (S.D. Fla. Feb. 14, 2014) ("Plaintiff fails to allege damages resulting from its reliance on Defendant's false statement. Though Plaintiff promised to forego legal action in reliance on Defendant's statement, Plaintiff does not allege how its promise caused any injury."); *Kregos v. Assoc. Press*, 3 F.3d 656, 665 (2d Cir. 1993) (affirming dismissal of fraud claim because "the only conceivable damages plaintiff could claim [was] that the fraudulent representations . . . prevented plaintiff from commencing a copyright infringement action . . . before the three-year statute of limitations expired."); *Warren v.*

010-9109-7195/6/AMERICAS

*John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 623-24 (S.D.N.Y. 2013) (dismissing fraud claim because the complaint failed to "allege a pecuniary loss stemming from fraud independent from the alleged copyright infringement. Rather, Plaintiffs' alleged damages arise solely from Wiley's alleged infringements of their copyrights.").

Aragon has failed to plead its fraud claim with particularity. The Complaint fails to delineate each Defendant's purported bad acts, plead the elements of a false statement made with intent to defraud with the requisite particularity, or allege specific damages actual resulting from the alleged fraudulent misrepresentation. The multiple pleading deficiencies in the Complaint's fraud claim support dismissal of Count VI with prejudice.

### E.   Aragon failed to plead facts to support a fraud claim against Lalo individually.

The Court should dismiss the fraud claim against Lalo individually for the additional reason that the Complaint omits sufficient allegations supporting any contention that Lalo is personally liable for fraud either directly or through the actions purportedly undertaken by Invicta.

First, the claim fails to the extent it seeks to hold Lalo personally liable for the corporation's actions. Such a piercing of the corporate veil is reserved for only limited circumstances, such where there is "failure to observe corporate formalities, nonpayment of dividends, nonfunctioning of other officers or directors, absence of corporate records, [or] fact that corporation is merely a facade for operations of dominant stockholder." *See United States v. JBA Motorcars, Inc.*, 839 F. Supp. 1572, 1577 (S.D. Fla. 1993). Aragon has failed to allege any such facts that would require the Court to disregard the corporate structure and hold Lalo liable for Invicta's actions. *ING Bank v. First Cont'l Mortg., Inc.*, No. 6:09-cv-1708-ORL-35-DAB, 2010 U.S. Dist. LEXIS 153982, at *18 (M.D. Fla. Aug. 11, 2010) (dismissing "fraud-based claims" against individual defendants when complaint failed to allege "sufficient facts to sustain its claim that the Defendants should be

- 9 -

held liable for the acts of their respective companies. None of the facts necessary to disregard the corporate structure and related protections have been pled…").

Further, and as discussed above, the Complaint omits allegations sufficient to state a claim that Lalo individually committed acts of fraud.  The Complaint's allegations are predominately directed to Lalo and Invicta *together*.  *See* Compl. ¶¶ 26, 28-38 (describing actions allegedly relevant to the fraud claim committed by "Defendants" or "Invicta").  The sole allegation against Lalo individually merely states that "Lalo described Defendants' use of HERCULES as an unimportant, 'third-tier description' for Defendants' products and requested time to phase out sales of their HERCULES-branded products."  *Id*. at ¶ 27.  But this allegation does not even support the fraud claim.  Rather, Aragon contends that the "fraudulent misrepresentation" is that "***Defendants*** agreed" to "'ramp down' Defendants' use of the HERCULES mark and would cease all use within six months, which would have been by April 4, 2020."  Compl. ¶¶ 28, 80.  That alleged "promise" is attributed to Defendants' collectively, not Lalo individually.  *Id*. at ¶ 80 ("Defendants' promise that they would cease their use of the HERCULES trademark was false. . .").  In sum, the Complaint  alleges no facts that Lalo individually engaged in any purported fraudulent action, a deficiency that requires dismissal of the claim against Lalo personally.  *Techworks, Inc. v. H.M. Seiden Consulting*, No. 06-60572-CIV-ALTONAGA/Tur, 2006 U.S. Dist. LEXIS 110886, at *10-11 (S.D. Fla. Sep. 11, 2006) ("By not alleging any facts of actual wrongdoing by Seiden in the form of fraud, self-dealing or unjust enrichment, Techworks fails to state a claim against Seiden personally, and therefore all claims against Seiden are dismissed without prejudice under Fed. R. Civ. P. 12(b)(6)."); *Diversified Mgmt. Sols. v. Control Sys. Research*, No. 15-81062-CIV-MIDDLEBROOKS, 2016 U.S. Dist. LEXIS 189771 (S.D. Fla. May 13, 2016) (dismissing claims

- 10 -

against individual for intentional torts when complaint failed to allege that the individuals committed any tortious actions).

Nor can the conclusory allegation that "Lalo was the moving, acting, driving, and conscious force behind all conduct of Invicta and transacts and has transacted business on behalf of Invicta," without any actual supporting facts, form the basis of liability for a fraud claim. *Blue Water Innovations, LLC v. Fettig*, Civil Action No. 18-60671-Civ-Scola, 2019 U.S. Dist. LEXIS 73605, at *16-17 (S.D. Fla. Mar. 8, 2019) (dismissing FDUPTA claim based in fraud against individual defendant because the mere conclusory statement that the individual "orchestrated the acts complained of," the Complaint makes no specific allegations sufficient to establish individual liability).   Accordingly, the Court should dismiss Count VI against Lalo individually.

### III.    The Court should dismiss Count VII for direct and vicarious liability.

Plaintiff ostensibly asserts a claim for "direct and vicarious liability" against Mr. Lalo in Count VII.  The claim, however, contains only two paragraphs, neither of which state a cause of action. The first incorporates the prior paragraphs of the pleading in shotgun style.  The second merely states, "[a]s the moving, active, and conscious force behind Defendants' unlawful conduct, Defendant Eyal Lalo is jointly and severally liable with Defendant Invicta under all counts of this complaint." Compl. ¶ 89.  Neither of those statements create a plausible cause of action, capable of withstanding this motion.

First, any claim for "direct liability" for Lalo is not a separate cause of action. Aragon styles each of the other six counts as claims against all "Defendants." *See* Compl. ¶¶ 43-87 (each count referring to "Defendants" collectively).  To maintain claims for "direct liability" against each defendant, including individual defendant Lalo, Aragon must meet the pleading elements as to each claim for Mr. Lalo.  Thus, a separate claim for "direct liability" against Defendant Lalo is

duplicative of each other Count subject to dismissal. *See Walsh v. Carnival Corp., No. 20-cv-21454-UU*, 2020 U.S. Dist. LEXIS 120623, at *6-7 (S.D. Fla. July 7, 2020) ("claim for negligent failure to provide a reasonably safe ship (Count VI), however, is duplicative of each of the other count. . . . Each of these theories of liability is advanced in a preceding count. Therefore, the Court will dismiss Count VI as a duplicative cause of action.").

Similarly, this single statement regarding the "force" behind decision-making alone does not create a separate cause of action for "joint and several liability" for the other claims.  If anything, Paragraph 89 of the Complaint merely restates the bare standard required for individual liability for Defendant Lalo; it does not state a separate cause of action. *See Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994) (noting that a "a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity," may be personally liable for infringement). To the extent Plaintiff seeks to use this single allegation to impose direct liability on Defendant Lalo, this again is duplicative of Counts I-III, which assert claims for direct liability for trademark infringement.

Second, Count VII fails to include any factual allegation that could hold Lalo vicariously liable for Invicta's conduct on any of the prior six claims.  "[T]he doctrine of vicarious liability takes a party that is free of legal fault and visits upon that party the negligence of another." *Am. Home Assurance Co. v. Nat'l R.R. Passenger Corp.*, 908 So. 2d 459, 468 (Fla. 2005) (citation omitted).  Allegations of vicarious liability must be composed of definite statements "with such clarity and precision that the defendant will be able to" differentiate between the different claims in order to form a proper responsive pleading. *Anderson v. Dist. Bd. of Trs.s of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

010-9109-7195/6/AMERICAS

To be vicariously liable for trademark infringement, "the defendant and the infringer [must] have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." *RGS Labs Intern., Inc. v. The Sherwin-Williams Co.*, 2010 U.S. Dist. LEXIS 8339, at *9 (S.D. Fla. Jan. 11, 2010) (holding that the plaintiff "adequately pleaded a vicarious liability trademark infringement claim by alleging that Murphy is the sole member of Fast Wax Pro, which has some control over the FW product and Fast Wax Pro website."). Aragon pleads no such facts.

Further, there are no allegations in the Complaint that could state a claim for vicarious liability for the fraud claim. Vicarious liability in the tort arena allows a corporate employer to be held liable for the intentional torts of its employees. *Betts v. Pampano Lanes*, No. 16-60223, 2017 U.S. Dist. LEXIS 230949, at *6 (S.D. Fla. July 25, 2017). This is inapplicable here. First, as discussed above, the fraud claim is subject to dismissal and thus there can be no vicarious liability claim. The pleading also fails to even allege the apparent authority required for a claim of vicarious liability.

Finally, there can be no vicarious liability or joint and several liability for Counts IV and V, seeking cancellation of Invicta's trademark applications, as those claims are not torts to which vicarious liability would apply. Accordingly, the Court should dismiss Count VII in its entirety.

## IV.     The Court should dismiss Count V as moot.

The Court should also dismiss Count V, seeking denial of the application for Serial No. 88/651,855, as moot because the USPTO granted the application and issued a Registration Number after the Complaint was filed. "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant of meaningful relief, then the case is 'moot' and must be dismissed." *Troiano v. Supervisor of Elections in Palm Beach*

- 13 -

*County, Fla.*, 382 F.3d 1276, 1282 (11th Cir. 2004). "Mootness is a jurisdictional defect that can

be raised at any time by the parties or the court sua sponte." *Houston v. 7-Eleven, Inc.*, No. 8:13-

CV-1845-EAK-AEP, 2015 U.S. Dist. LEXIS 43553, at *29 (M.D. Fla. Apr. 1, 2015) (citation

omitted).

Count V requests that this Court deny Invicta's application for the INVICTA HERCULES

mark, assigned U.S. Serial No. 88/651,855. Compl. ¶¶ 74-78.[1] The application, which was filed

on October 11, 2019, and was still pending when Aragon filed its Complaint on April 15, 2020.

On June 9, 2020, however, the PTO allowed the application because it met the requirements for

registration, including lack of confusing similarity with any other registered mark. The PTO issued

to Invicta, Trademark Registration No. 6,076,713 for INVICTA HERCULES for watches on June

9, 2020. *See* Ex. 1.[2]

Once the PTO allows such an application and issues a Registration Number, a claim

seeking denial of the application in the first instance is moot. *See e.g.*, *Joseph J. Legat Architects,*

*P.C. v. United States Dev. Corp.*, 601 F. Supp. 673, 675 (N.D. Ill. 1985) ("When Legat filed this

suit, it had merely applied for copyright registration; the Register of Copyrights had not yet

approved the registration. Thus, the precise issue raised in defendants' motion was whether an

application for registration satisfied § 411(a) or whether that section requires final approval or

denial of registration. We need not resolve that issue, however, because it is now moot. While the

motion was being briefed, Legat's copyright registration was approved . . ."); *cf. Foodworks USA,*

---

[1] To protect its own intellectual property and common law trademark, Invicta filed an application to register the
INVICTA HERCULES mark for watches in the United States Patent and Trademark Office ("PTO"). This
application was assigned Serial No. 88/651,855 by the PTO.

[2] At the pleading stage, the Court can take judicial notice of an "administrative agency's publicly available files,"
included the USPTO's publicly available trademark registrations. *See BPI Sports, LLC v. Thermolife Int'l LLC*, No.
19-60505-CIV, 2020 U.S. Dist. LEXIS 62862, at *6-7 (S.D. Fla. Jan. 8, 2020) (concluding that it was "proper for this
Court to take judicial notice of: . . . federal trademark registration numbers issued for "Muscle Beach Nutrition" and
"Muscle Beach").

*Inc. v. Foodworks of Arlington Heights, LLC*, No. 10 CV 1020, 2014 U.S. Dist. LEXIS 164753, at

*9 n.4 (N.D. Ill. Nov. 24, 2014) (noting that remedy seeking cancellation of a mark is moot, once

the registration had already been cancelled for other reasons).   Accordingly, the Court should

dismiss with prejudice Count V.

## CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court grant its

Motion, along with any other relief that this Court deems necessary and just.

Dated:  September 10, 2020                           Respectfully submitted,


 /s/ *Jonathan R. Weiss*
Jonathan R. Weiss
Florida Bar No. 057904
Jonathan.Weiss@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
200 South Biscayne Blvd., Suite 4700
Miami, Florida  33131
Telephone:  (305) 577-7000
Facsimile:  (305) 577-7001

Steven M. Auvil
Steven.auvil@squirepb.com
*(Admitted Pro Hac Vice)*
Rachael A. Harris
Rachael.harris@squirepb.com
*(Admitted Pro Hac Vice)*
SQUIRE PATTON BOGGS (US) LLP
2550 M. Street NW
Washington, D.C. 20037
Telephone:  (202) 457-6000
Facsimile:  (202) 457-6315

***Attorneys for Defendants Invicta Watch
Company of America, Inc. and Eyal Lalo***

- 15 -

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on September 10, 2020, I electronically filed the foregoing

document with the Clerk of the Court by using the CM/ECF system, which will send a Notice of

Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

<i><u>/s/ Jonathan R. Weiss</u></i><br>Jonathan R. Weiss

- 16 -

010-9109-7195/6/AMERICAS